# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| DENNIS LEWIS RILEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : No. 4:17-cv-00235-CDL-MSH | |
| Corrections Officer : | |
| JAMES GLOVER, : | |
| : | |
| Defendant. : | |
| _____ : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Dennis Lewis Riley, an inmate at Rutledge State Prison in Columbus, Georgia, filed the present civil rights complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also submitted a motion for leave to proceed *in forma pauperis* ("IFP"). Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. That motion was granted, and Plaintiff was ordered to pay an initial partial filing fee. Order Granting Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 5. Plaintiff has now paid the initial partial filing fee and his complaint is ripe for preliminary review as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).

Upon review of Plaintiff's Complaint, the undersigned will allow Plaintiff's claims for cruel and unusual punishment and for violation of his right to bodily privacy to proceed. For the reasons explained below, it is recommended that his Eighth Amendment excessive force claim be dismissed without prejudice.

## I. Motion to Proceed *In Forma Pauperis*

The district courts may authorize the commencement of a civil action without prepayment of the normally required filing fee if the plaintiff shows that he is indigent and financially unable to pay the filing fee. *See* 28 U.S.C. §1915(b). As noted above, Plaintiff's motion to proceed *in forma pauperis* was previously granted, and Plaintiff has paid an initial partial filing fee.

Although he is proceeding *in forma pauperis*, Plaintiff is nevertheless obligated to pay the full $350.00 filing fee, in installments, as provided in 28 U.S.C. § 1915(b)(1) and explained below. The CLERK shall therefore forward a copy of this ORDER to the business manager of the facility in which Plaintiff is detained so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint (or any part thereof) is dismissed prior to service.

### A. Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed IFP, it is hereby ORDERED that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with the provisions of the PLRA, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the

account exceeds $10.00. It is further ORDERED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to collection of the full filing fee.

B. Plaintiff's Obligations Upon Release

Pursuant to the provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II. Preliminary Screening

A. Standard of Review

Under the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required, under 28 U.S.C. § 1915(e), when the plaintiff is proceeding IFP. Both statutes apply in this case but the standard of review is the same. When conducting a preliminary screening, the Court must accept all factual allegations in the complaint as true. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

*Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* complaint is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. Thus, as part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* § 1915A(b); § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (second alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S.

at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B. Factual Allegations

In his Complaint, Plaintiff alleges that he observed Defendant Officer James Glover reading another inmate's legal mail, so Plaintiff confronted Glover about whether Glover was allowed to read their legal mail. Compl. 5, ECF No. 1. In response, Glover became angry and told Plaintiff to remove his shorts, which Glover said were contraband. *Id.* at 7. Plaintiff removed his shorts, leaving him in his boxer shorts. *Id.* Thereafter, Glover ordered Plaintiff to step outside of his cell, where Glover handcuffed Plaintiff. *Id.*

Glover then began berating Plaintiff and lunged at Plaintiff, as if to grab his throat. *Id.* Plaintiff jumped back from Glover, and in doing so, Plaintiff's genitals came out of his boxer shorts. *Id.* Plaintiff asked Glover if Plaintiff could put his penis back into his boxer shorts, and Glover refused to allow him to do so. *Id.* Plaintiff was left with his genitals exposed for approximately two hours. *Id.* During this time, Glover walked Plaintiff through the prison to the security building, such that Plaintiff could be seen by anyone looking out a window. *Id.* at 8.

Plaintiff asserts that, before this incident, he was already under the care of mental health services because he suffers from mental illness. *Id.* Following this incident, Plaintiff has had to see his mental health counselor twice a week, has lost over 18 pounds, has nightmares, and is in fear for his safety. *Id.* at 10. Moreover, officials are considering sending Plaintiff to a rape crisis center. *Id.*

    C. Analysis

        1. Excessive Force

Plaintiff first asserts that, by pushing Plaintiff's head with his index finger and by lunging at Plaintiff, Glover used excessive force. Compl. 8, ECF No. 1. An Eighth Amendment claim for excessive force involves the "unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In reviewing a claim for excessive force, the question is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). An excessive force claim will not lie with regard to a *de minimis* use of force, as long as that use of force is not "repugnant to the conscience of mankind." *Id.* at 10.

Here, Plaintiff's only factual allegations in this regard are that Glover pushed Plaintiff's head with his index finger and that Glover lunged at Plaintiff. Compl. 7, ECF No. 1. Plaintiff's allegations that Glover pushed Plaintiff with a single finger and acted as though he was going to grab Plaintiff assert, at most, only a *de minimis* use of force. Moreover, Plaintiff does not allege that these actions caused Plaintiff any physical pain. Accordingly, Plaintiff has not stated a claim for use of excessive force. *See Hudson*, 502

6

U.S. at 5-6, 10. It is therefore RECOMMENDED that his excessive force claim be DISMISSED WITHOUT PREJUDICE.[1]

### 2. Cruel and Unusual Punishment

Plaintiff also alleges that Glover's actions in leaving Plaintiff with his genitals exposed in a public area and then publicly walking him through the prison in this condition constituted cruel and unusual punishment in violation of the Eighth Amendment. Compl. 9, ECF No. 1.

The Eleventh Circuit has held that "severe and repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006). To state such a claim, a prisoner must allege facts satisfying an objective component, "which requires that the injury be 'objectively, sufficiently serious,' and a subjective component, which requires the prison official have a 'sufficiently culpable state of mind.'" *Id.* (quoting *Farmer v. Brennan*, 51 U.S. 825, 834 (1994)). "[A]n injury can be 'objectively, sufficiently serious' only if there is more than *de minimis* injury." *Id.* (citing *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002)).

---

[1] In addition to an Eighth Amendment excessive force claim, it appears that Plaintiff may be attempting to assert state law claims for assault and battery. *See* Compl. 8, ECF No. 1. As discussed below, the only federal claims for which Plaintiff should be allowed to proceed are his cruel and unusual punishment claim and his right to bodily privacy claim. Although these claims should survive initial screening, it is possible that they may fail if faced with a motion to dismiss or a motion for summary judgment. In the event that the federal claims over which this Court has original jurisdiction are dismissed, the Court would likely decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367. Therefore, as federal jurisdiction over Plaintiff's state law claims remains an unsettled issue, the Court finds it unnecessary and inappropriate to reach the merits of Plaintiff's possible state law claims at this early stage of the case.

Here, Plaintiff alleged that he was left with his penis exposed for two hours and walked through the prison in plain view. Construing Plaintiff's allegations in his favor, the complaint could be read as alleging that there was no legitimate reason for Glover to refuse to allow Plaintiff to cover himself, and instead, that Plaintiff was required to walk through the prison with his genitals exposed in order to humiliate Plaintiff. These allegations are sufficient to state a claim for sexual abuse to allow this claim to proceed for further factual development. *See King v. McCarty*, 781 F.3d 889, 897-98 (7th Cir. 2015) (concluding that a prisoner stated an Eighth Amendment claim for cruel and unusual punishment by alleging that he was "degraded and humiliated by being transported in a see-through jumpsuit that left him exposed in front of other inmates as well as guards of both sexes" for no legitimate reason).

### 3. Violation of Privacy

The Eleventh Circuit has also recognized a claim under § 1983 for a violation of a prisoner's constitutional right to bodily privacy. *See Fortner v. Thomas*, 983 F.2d 1024, 1030 (11th Cir. 1993). In particular, the Eleventh Circuit recognized that "most people have 'a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating.'" *Id.* (quoting *Lee v. Downs*, 641 F.2d 1117, 1119 (4th Cir. 1981)). In the complaint, Plaintiff alleges that he was walked through the prison in view of anyone who was looking out a window, which could have included female guards or other female employees of the prison. Construing these allegations in the light most favorable to Plaintiff, he has alleged sufficient facts to state a claim for a violation of his right to bodily privacy. *See id.* Thus,

8

this claim will also be allowed to proceed for further factual development.

### III. Conclusion

Based on the foregoing, Plaintiff will be allowed to proceed against Defendant Glover on his cruel and unusual punishment claim, as well as his claim for violation of his right to bodily privacy. However, it is RECOMMENDED that Plaintiff's Eighth Amendment excessive force claim be DISMISSED WITHOUT PREJUDICE.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to any recommendation with the United States District Judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy of this Order and Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

### ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants, it is accordingly ORDERED that service be made on Defendant JAMES GLOVER, and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,
PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what

address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the

opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the court first obtained, interrogatories may not exceed TWENTY-FIVE (25) to each party, requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

SO ORDERED and RECOMMENDED this 1st day of February, 2018.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE